**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2327-17T1

NEWARK HOUSING AUTHORITY
WYNONA LIPMAN GARDENS,

    Plaintiff-Respondent,

v.

TONI MURPHY,

    Defendant-Appellant.

_____

Submitted February 11, 2019 – Decided  March 11, 2019

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-036910-17.

Essex Newark Legal Services, attorneys for appellant (Felipe Chavana and Maria D. Castruita, on the briefs).

Ehrlich, Petriello, Gudin & Plaza, PC, attorneys for respondent (Charles R. Isaacs, on the brief).

PER CURIAM

In this landlord-tenancy case, defendant appeals from a December 18, 2017 judgment of possession (JOP) in favor of Newark Housing Authority

(NHA). Judge Bridget A. Stecher conducted the trial, issued an oral opinion, and then, in February 2018, provided an amplification of reasons. After we denied defendant's motion for a stay, NHA re-leased the apartment to another tenant. We affirm.

In October 2017, NHA sent defendant a notice to quit and demand for possession of the apartment. The notice sufficiently explained that defendant had breached her lease by threatening and punching an NHA assistant property manager (the manager), violently smacking a clipboard from her hands, and physically injuring her. The notice identified sections of the lease that defendant had breached, and it adequately explained the legal basis for evicting defendant. NHA relied on N.J.S.A. 2A:18-61.1(e)(2)(breaching a public housing lease by engaging in criminal activity); N.J.S.A. 2A:18-61.1(p)(assaulting or threatening an employee of a landlord); HUD Handbook 4350.3, Section 8-14 (addressing criminal behavior); N.J.S.A. 2C:12-1 (assault); and N.J.S.A. 2C:12-3 (terroristic threats). Defendant did not vacate the premises, which led to the eviction complaint in which NHA contended that she was a holdover tenant.

The judge found the manager credible. She found, after listening to defendant's testimony, that defendant (who gave the manager "dirty looks," and

continued acting aggressively towards the manager during the trial)[1] paced back and forth, brushed and bumped against the manager, and knocked the clipboard out of her hands. The judge also found that defendant threatened the manager while armed with a metal cane. The judge found defendant guilty of assault and terroristic threats by a preponderance of the evidence. Concluding that defendant breached the lease, the judge entered the JOP. Thereafter, she denied reconsideration.

On appeal, defendant makes four points: (1) the court lacked jurisdiction to enter the JOP; (2) the judge prejudged the case and deprived her of a fair trial; (3) the amplification of reasons misrepresents the facts and violates her due process rights; and (4) the judge had an insufficient basis to conclude she punched the property manager in the face. We conclude that these arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons given by the judge, and add the following remarks.

---

[1] There is no basis to conclude, as defendant contends, that the judge deprived her of a fair trial by documenting defendant's behavior during the trial. Although such conduct by defendant at trial is irrelevant to whether she assaulted and threatened the manager at the apartment, it is relevant to the judge's assessment of defendant's credibility.

A-2327-17T1

The fact-findings of a judge sitting without a jury are "considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974). We will not disturb the judge's findings "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (citation omitted). However, we review the judge's legal determinations de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). We have no reason to disturb the judge's findings, and she applied the law correctly.

The New Jersey Anti-Eviction Act (Act), N.J.S.A. 2A:18-61.1 to -61.12, protects residential tenants from eviction absent a showing of good cause. Morristown Mem'l Hosp. v. Wokem Mortg. & Realty Co., 192 N.J. Super. 182, 186 (App. Div. 1983). The Act specifically enumerates permissible grounds for eviction and the associated notice requirements. N.J.S.A. 2A:18-61.1 and -61.2. Absent proof of one of the enumerated grounds for eviction, the court lacks jurisdiction to enter a judgment of possession. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 281 (1994). The judge entered the JOP relying on two sections of the Act.

She relied on N.J.S.A. 2A:18-61.1(e)(2), which authorizes public housing authorities to evict a tenant when "the person has substantially violated or breached any of the covenants or agreements contained in the lease for the premises pertaining to . . . illegal activities[.]" The judge found that defendant breached HUD Handbook 4350.3, Section 8-14, and Paragraphs IX and XIV of defendant's lease by engaging in criminal behavior that threatened the "health [or] safety" of NHA employees. And the judge relied on N.J.S.A. 2A:18-61.1(p), which provides for eviction if the judge finds by a preponderance of the evidence that a tenant engaged in assault or terroristic threats against an employee of the landlord. Here, the judge believed the manager's testimony and made those findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2327-17T1